IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRELL BRANCH,** | § § § | |
| **Plaintiff** | § § § | |
| v. | § § | **CIVIL ACTION NO. 16-cv-1888** |
| **CITY OF BROOKSHIRE, TEXAS- BROOKSHIRE POLICE DEPARTMENT** | § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Darrell Branch files this Original Compliant against Defendants the City of Brookshire, Texas- Brookshire Police Department ("Brookshire") and shows as follows:

**PARTIES**

1. The plaintiff in this case is Darrell Branch. He is an individual and resident of Jim Waller County, Texas.

2. Defendant Brookshire may be served with process by serving its City Attorney, Olson & Olson , 2727 Allen Pkwy Ste 600, Houston, TX 77019 or wherever it may be found.

**JURISDICTION**

3. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The plaintiff's claims arise, in part, under 42 U.S.C. § 2000e, *et seq.* This case presents a federal question.

1

## VENUE

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The plaintiff was employed by the Brookshire Police Department for approximately 18 years. He was employed as a police officer.

6. In August of 2013, Plaintiff experienced heart complications.

7. Plaintiff took a short leave of absence for diagnosis and treatment and was released to return to work in November 2013.

8. Plaintiff had heart complications again in February 2014 and underwent various treatments. He returned to work on December 8, 2014.

9. However, on December 11, 2014, Chief Brandal Jackson sent him a letter indicating that the return to work release that was provided by Mr. Branch's physician was deficient.

10. Mr. Branch provided two additional releases from his physician stating the need to accommodate him to a desk duty position for a period of three months, at which time his physician would re-evaluate him and determine his ability to return to full time duty.

11. On January 5, 2015, Mr. Branch received a letter from Chief Brandal Jackson with the Brookshire Police Department stating that Mr. Branch was being terminated from his position and that they were unable to accommodate his request for a three-month desk duty assignment.

12. Plaintiff attempted to appeal his termination under the City's appeal process. Yet, Brookshire informed Mr. Branch that he could not appeal and the termination was final.

13. Furthermore, Brookshire misrepresented Mr. Branch's request and incorrectly stated that he needed a 6-month, rather than a 3-month accommodation.

14. Plaintiff's termination has not been reversed.

15. Plaintiff timely filed a charge of discrimination with the EEOC, alleging disability discrimination, and the administrative process has been exhausted. A copy of the right to sue letter is attached as Exhibit 1.

## CAUSES OF ACTION

### Count 1–ADA Violation (Failure to Accommodate)

16. The plaintiff incorporates within Count 1 all of the allegations set forth above as if fully rewritten herein.

17. 42 U.S.C. 12112(b)(5)(A) states that discrimination in violation of the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability".

18. Plaintiff identified a reasonable accommodation to Defendants, the costs of which did not exceed its benefits. For example, he could perform the essential functions of his job if permitted to work at his desk for a period of three months.

19. Defendant failed to engage in a sufficient interactive process where accommodation was possible. Instead. Defendant refused to make reasonable accommodations, and Defendants made no good faith effort to make a reasonable accommodation.

20. Defendant acted with malice or reckless indifference.

21. Defendant is covered by the ADA and had notice of Plaintiff's disability.

22. As a result of Defendant's refusal to make reasonable accommodation, Plaintiff suffered damages in an amount to be determined at trial but believed to be not less than

$500,000, including compensatory damages, punitive damages, backpay, front pay, prejudgment and post-judgment interest, and reasonable attorney's fees.

## Count 2- ADA Violation (Retaliation)

23. The Plaintiff incorporates within Count 2 all of the allegations set forth above as if fully rewritten herein.

24. Defendant retaliated against Plaintiff in violation of 42 U.S.C. § 12112(b)(5)(A).

25. Plaintiff requested a reasonable accommodation of his disability.

26. Defendant denied the accommodation.

27. In addition, Plaintiff was terminated from his job.

28. These adverse employment actions constitute retaliation within the meaning of the ADA.

29. Defendant acted with malice or reckless indifference.

30. Plaintiff suffered damages as a result of Defendant's retaliation in an amount to be determined at trial but believed to be not less than $500,000, including compensatory damages, punitive damages, backpay, front pay, prejudgment and post-judgment interest, and reasonable attorney's fees.

## Count 3- Title VII Violation (Disability Discrimination)

31. The Plaintiff incorporates within Count 3 all of the allegations set forth above as if fully rewritten herein.

32. Defendant's employment practices had a disparate impact on Darrell Branch because of his disability.

33. The plaintiff alleges that he was disabled and/or that the defendant perceived him to be disabled and that it was this perceived and/or actual disability that was a motivating factor in the defendant's decision to discharge his employment.

34. The plaintiff alleges that even if he was disabled or perceived to be disabled, he was qualified and capable of performing his job duties, with only the previously stated limitation with respect to temporary desk duty.

35. The plaintiff contends that he had no limitations that would impair his ability to reasonably perform his essential job functions if accommodations were made temporarily, with respect to duties which would require physical exertion beyond that which normally occurs in office work.

36. The plaintiff also alleges that the disability discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant and/or was a motivating factor in the defendant's decision to discharge him from his employment with the defendant.

37. The defendant's conduct caused damages to the plaintiff in an amount to be determined at trial but believed to be not less than $500,000, including compensatory damages, punitive damages, backpay, front pay, prejudgment and post-judgment interest, and reasonable attorney's fees.

## Count 4- Title VII Violation (Retaliation)

38. The Plaintiff incorporates within Count 4 all of the allegations set forth above as if fully rewritten herein.

39. Plaintiff requested a reasonable accommodation of his disability.

40. Defendant denied the accommodation.

41. In addition, Plaintiff was terminated from his job.

42. These adverse employment actions constitute retaliation within the meaning of Title VII.

43. The defendant's conduct caused damages to the plaintiff in an amount to be determined at trial but believed to be not less than $500,000, including compensatory damages, punitive damages, backpay, front pay, prejudgment and post-judgment interest, and reasonable attorney's fees.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER

45. For these reasons, Plaintiff Darrell Branch respectfully requests that Defendant City of Brookshire, Texas-Brookshire Police Department be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's:

    a. liquidated damages,

    b. unliquidated damages,

    c. economic damages,

    d. non-economic damages,

    e. exemplary damages,

    f. attorney's fees and costs,

    g. pre-judgment interest,

    h. post-judgment interest,

and all such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted;

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Tran Law Firm, L.L.P.
State Bar No. 00795787
Federal I.D: 20361
ttran@tranlawllp.com
Alecia D. Best
State Bar No. 24092129
Federal I.D. 2591730
ab@tranlawllp.com
9801 Westheimer Road, Suite 302
Houston, Texas 77042
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
**ATTORNEYS FOR PLAINTIFF**