UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL BRANCH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1888 |
| | § | |
| CITY OF BROOKSHIRE-TEXAS - BROOKSHIRE POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a motion to dismiss filed by defendant City of Brookshire ("Brookshire"). Dkt. 25. After considering the live complaint, the motion, the response, the reply, and the applicable law, the court is of the opinion that the motion to dismiss should be **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

In Darrell Branch's second amended complaint, Branch alleges violations of the American with Disabilities Act ("ADA") by Brookshire and Brandal Jackson ("Chief Jackson"). Dkt. 24. According to the allegations in the complaint, which the court accepts as true for the purposes of this motion to dismiss, *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), the facts are as follows:

Branch was employed as a police officer by Brookshire for 18 years. Dkt. 24 ¶ 6. As part of his employment, Branch's duties included supervising other officers, creating work schedules for officers, making copies of jail forms, and answering calls. *Id.* ¶ 7. In August of 2013, Branch began experiencing heart complications that required him to take a leave of absence until November 2013.

*Id.* ¶¶ 8, 9. The heart complications arose again in February 2014 causing Branch to seek treatment and take another leave of absence until December 8, 2014. *Id.* ¶¶ 10, 11. Branch's physician provided the Brookshire Chief of Police, Chief Jackson, with a return to work release that Chief Jackson found deficient. *Id.* ¶ 12. Branch provided two more releases to Chief Jackson in which Branch's physician stated that Branch should perform desk duties for a period of three months, at which time he would be re-evaluated. *Id.* ¶¶ 14, 15. On January 5, 2015, Chief Jackson informed Branch that the police department could not accommodate this request for desk duties, and Branch was terminated from the Brookshire Police Department. *Id.* ¶¶ 17, 18.

After unsuccessfully appealing his termination through Brookshire's appeals process, Branch filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶¶ 22, 26. Branch is now suing both Brookshire and Chief Jackson under the ADA for failure to accommodate his disability and retaliation. Brookshire moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. 25.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*,

2

550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

Branch asserts two violations of the ADA by both Chief Jackson and Brookshire in his second amended complaint, failure to accommodate and retaliation. Dkt. 24. Brookshire moves to dismiss the complaint. Dkt. 25. The court will consider Brookshire's arguments in turn.

**A.    Claims Against Chief Jackson**

After Brookshire filed the motion to dismiss, the parties stipulated that all parties other than Brookshire are dismissed with prejudice. Dkt. 39. This stipulation effectively serves as Branch's voluntary dismissal of Chief Jackson with prejudice. Fed. R. Civ. P. 41(a)(1)(A)(ii). Therefore, Branch's claims against Chief Jackson are **DISMISSED**.

**B.    Claim Under Count 1–Failure to Accommodate**

Brookshire also argues that Branch's complaint lacks sufficient facts to state a claim for

failure to accommodate under the ADA. Dkt. 25. Brookshire argues that Branch failed to allege facts that a reasonable accommodation was available or that Branch could perform his essential job functions with or without an accommodation. *Id.* Branch responds that he did allege he could perform his essential job functions and that his request for desk duties was a reasonable accommodation.

In order to prevail on his failure-to-accommodate claim, Branch must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by Brookshire; and (3) Brookshire failed to make reasonable accommodations. *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). The parties do not dispute that Branch pleads facts indicating a disability or that the disability was known to Brookshire. The primary dispute is whether Branch alleges sufficient facts that he is qualified or that Brookshire failed to make reasonable accommodations.

The ADA defines qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). This requires Branch to prove that he could perform the essential duties of his job in spite of his disability, or that a reasonable accommodation of his disability would have enabled him to perform the essential functions of his job. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (quoting *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)). This case necessarily involves the latter as Branch states in his complaint that he needed an accommodation to perform his duties. Dkt. 24 ¶ 20.

Branch alleges that his job duties included supervising other officers, creating the work schedules for the officers, correcting other officer's reports, making copies of jail forms, and answering calls. *Id.* ¶ 7. Branch even describes his duties as "all office duties." *Id.* Accepting these

4

facts as true, Branch would have been able to perform the essential functions of his job with the desk duty accommodation. According to Branch, he only had office duties, which can be performed at a desk. Thus, the only remaining question is whether the complaint contains sufficient facts to establish that the desk duty accommodation was a reasonable accommodation, or if, on its face, the desk duty accommodation was not a reasonable accommodation.

Brookshire argues that even accepting Branch's alleged facts as true, the desk duty position was not a reasonable accommodation. Dkt. 25. The ADA provides that a reasonable accommodation may include: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(b). Brookshire correctly points out that the city was not required to reassign Branch to a different position unless the position already existed and was vacant. 42 U.S.C. § 12111(9)(b); *Hershey v. Praxair, Inc.*, 969 F. Supp. 429, 435 (S.D. Tex. 1997). Brookshire also correctly argues that the city was not required to create a new light duty position for Branch. *Turco*, 101 F.3d at 1094. However, according to Branch's complaint, his duties did not require "extreme physical activities" and in fact "were all office duties." Dkt. 24 ¶¶ 7, 16. These duties can be performed at a desk, meaning the accommodation would not require an assignment to a different position or the creation of a new position. Rather, Branch pleads facts indicating that the accommodation would be a restructuring of the job, which is a reasonable accommodation under the ADA. 42 U.S.C. § 12111(9)(b). Thus, based on Branch's complaint, the court finds that Branch's claim for failure to accommodate is facially plausible. Accordingly, Brookshire's motion to dismiss the failure-to-accommodate claim is **DENIED**.

C.   **Claim Under Count 2–Retaliation**

Brookshire argues that Branch's failure to state factual allegations to support a claim for his failure-to-accommodate claim forecloses his retaliation claim. Dkt. 25. However, this argument is without merit because Branch did plead sufficient facts to support his first claim. Brookshire also argues that Branch fails to allege any facts suggesting retaliation. *Id.* Branch responds that by making a request for reasonable accommodation, he engaged a protected activity, and was retaliated against when he was terminated. Dkt. 31.

In order to prevail on his retaliation claim under the ADA, Branch must show: (1) he participated in a protected activity; (2) Brookshire took an adverse action against him; and (3) a causal connection between the protected activity and the adverse action. *Feist*, 730 F.3d at 454. Clearly, Branch pleads that Brookshire took an adverse action against him as the facts state he was terminated from his position. Dkt. 24 ¶ 18. Branch also sufficiently pleads that he participated in a protected activity. "It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity." *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008). As already established, the court finds Branch alleges sufficient facts to support his claim that he made a request for a reasonable accommodation. Thus, by making the request, Branch participated in a protected activity.

The only remaining inquiry is whether Branch pleads sufficient facts to support the causal connection element. The causal connection element may be satisfied by showing close temporal proximity between the protected activity and adverse action. *Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (quoting *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997)). The Fifth Circuit has found that up to four months is sufficiently close. *Id.* Branch pleads that he returned to work on December 8, 2014. Dkt. 24 ¶ 11. He pleads that he sent at least two letters

requesting accommodation to Chief Jackson after December 11, 2014. Dkt. 24 ¶¶ 12, 13. Branch was then terminated on January 5, 2015. Dkt. 24 ¶ 17. Based on the pleadings, Branch suffered from an adverse employment decision less than a month after engaging in a protected activity. This is sufficiently close to satisfy the causal connection. Accordingly, Branch's claim for retaliation is facially plausible and the motion to dismiss the claim is **DENIED**.

### IV. Conclusion

Brookshire's motion to dismiss (Dkt. 25) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** with regard to Branch's claims against Chief Jackson. All of the claims against Chief Jackson are **DISMISSED WITH PREJUDICE**. The motion is otherwise **DENIED**.

Signed at Houston, Texas on September 15, 2017.

_____
Gray H. Miller
United States District Judge