United States District Court
Southern District of Texas
**ENTERED**
July 17, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL BRANCH, | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION H-16-1888 |
| CITY OF BROOKSHIRE, | § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant City of Brookshire ("Brookshire"). Dkt. 54. Having considered the motion, response, reply, evidence, and applicable law, the court is of the opinion that the motion for summary judgment should be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

In plaintiff Darrell Branch's second amended complaint, he alleges violations of the Americans with Disabilities Act ("ADA") by Brookshire. Dkt. 24. Branch was employed as a police officer by Brookshire for 18 years. Dkt. 54-6 at 2. As part of his employment, Branch's duties included performing patrol work, supervising other officers, creating work schedules for officers, making copies of jail forms, and answering calls. Dkt. 54-1 at 2. In August of 2013, he began experiencing heart complications that required him to take a leave of absence until November 2013. Dkt. 54-6 at 2.

The heart complications arose again in February 2014, causing Branch to seek treatment and take another leave of absence until late 2014. *Id.* Branch's cardiologist treated him for a number

of heart conditions, including congestive heart failure and a low ejection fraction. Dkt. 54-2 at 1. After Branch had used all available time off, the Brookshire Chief of Police, Chief Jackson, contacted him about his ability to return to work and asking for a release from his physician by December 12, 2014. Dkt. 57-11. On December 11, 2014, Branch provided Chief Jackson with a general return to work form from his physician, who was under the assumption that Branch would be participating in only administrative activities. Dkt. 54-2 at 2. Chief Jackson informed Branch that the letter was insufficient because it did not address the duties of Brookshire police officers as he had requested. Dkt. 57-18. Chief Jackson extended the deadline to December 19, 2014, and on December 18, 2014, he received a release from Branch's physician stating that he was restricted to "desk duty" for at least three months. Dkt. 57-2.

On January 5, 2015, Chief Jackson informed Branch that the police department could not accommodate his request for desk duties, and Branch was terminated from the Brookshire Police Department. Dkt. 54-6 at 2. After unsuccessfully appealing his termination through Brookshire's appeals process, Branch filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 54-6. Branch is now suing Brookshire under the ADA for failure to accommodate his disability and retaliation. Dkt. 24. Brookshire filed a motion for summary judgment on both of Branch's claims. Dkt. 54.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

Branch asserts two violations of the ADA by Brookshire in his second amended complaint, failure to accommodate and retaliation. Dkt. 24. Brookshire moves for summary judgment on each cause of action. Dkt. 54. The court will consider Brookshire's arguments in turn.

#### A. Objections

Brookshire made a number of objections to evidence Branch attached to his response. Dkt 58. The court does not rely on any of the evidence objected to in ruling on the instant motion. Thus, Brookshire's objections are OVERRULED as moot.

#### B. Claim Under Count 1—Failure to Accommodate

To establish a prima facie case for failure to accommodate, Branch must demonstrate that (1) he is a qualified individual with a disability; (2) his disability and its limitations were known by Brookshire; and (3) Brookshire failed to make reasonable accommodations for those limitations. *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). A "qualified individual" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. 12111(8).

Brookshire asserts that Branch could not perform the essential functions of his job as a police officer with or without reasonable accommodation and thus is not a "qualified individual." Dkt. 54 at 9. Branch claims that with reasonable accommodation, namely being assigned to "desk duty" that

3

did not involve patrol duties, he could have performed the essential functions of his job. Dkt. 24. However, the ADA does not require Brookshire to create a new position or assign Branch to an occupied position. *Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 53 (5th Cir. 1997). Branch has proffered sworn testimony that no such position existed at the time of his firing, and thus the city would have had to create a new position to accommodate his request. Dkt. 54-4 at 43, 56. As a matter of law, Branch's request for a "desk duty" position that did not include patrol duties was not a request for a reasonable accommodation. *Still*, 120 F.3d at 53. Thus, Brookshire's motion for summary judgment is GRANTED with respect to Branch's failure to accommodate claim for not assigning him to desk duty.

Branch alleges in his response that he requested reasonable accommodations when he asked for time to meet with his physician. Dkt. 57 at 5. Brookshire replies that "[t]he ADA does not require an employer to allow a disabled employee to take an indefinite leave for purposes of accommodation." Dkt. 57 at 4 (citing *Harville v. Texas A&M University*, 833 F. Supp. 2d 645, 661 (S.D. Tex. 2011)). But Branch did not ask for an indefinite amount of time; he asked for a month to wait for his physician return from vacation to certify him to return to unrestricted duty. Dkt. 57-7 at 179–80. The court cannot, as a matter of law, find that this was not a request for reasonable accommodation. Branch's testimony creates a genuine dispute of material fact. Accordingly, Brookshire's motion is DENIED with respect to Branch's failure to accommodate claim for denying his request for a one month extension to obtain a full medical release from his physician.

C. **Claim Under Count 2—Retaliation**

To establish a prima facie case for retaliation, Branch must show that he participated in a protected activity, Brookshire took adverse employment action against him, and there is a causal link between the protected activity and the adverse employment action. *Feist*, 730 F.3d at 454.

4

Brookshire first argues that Branch has not met the exhaustion requirement to bring a suit for retaliation. Dkt. 54 at 16. They point to Branch's failure to check the "retaliation" box on his EEOC form as being dispositive of the issue. Dkt. 54 at 16–17. However, the Fifth Circuit has found that, although a plaintiff did not use the word "retaliation" in her charge or check the "retaliation" box, she met the exhaustion requirement because "[s]he stated she: (1) provided her employer with a doctor's note regarding reasonable accommodations; (2) was denied reasonable accommodations; and (3) was terminated thereafter." *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 445–46 (5th Cir. 2018). It was therefore reasonable for an administrative investigation to include an investigation into retaliation. *Id.* Branch's charge shows that he provided a note asking for desk duty, was denied such an accommodation, and was later terminated. Dkt. 54-6 at 2. Thus, his charge was sufficient to satisfy the exhaustion requirement with regards to the retaliation claim.

Brookshire next argues that Branch did not engage in any protected activity because his request for desk duty was not reasonable and as a result cannot satisfy the first element of a retaliation claim. Dkt. 54 at 17–18. As discussed above, Branch testified that he asked for reasonable accommodation when he requested extra time to be cleared by his physician. Dkt. 57-7 at 179–80. Because this could be considered a reasonable accommodation, there is a genuine dispute as to whether he engaged in a protected activity.

Brookshire also argues that Branch has not established a causal link between the request for reasonable accommodation and his firing. Dkt. 54 at 18. If an employer offers a non-discriminatory reason for firing an employee, the employee then has the burden to demonstrate that his engaging in a protected action was a "motivating factor" in his termination. *Pinkerton v. Spellings*, 529 F.3d 513, 517–19 (5th Cir. 2008) (finding the "motivating factor" standard to be the correct test for causation under the ADA). Chief Jackson testified that Branch was let go in order to free up a spot

for an officer who could perform patrol duty. Dkt. 54-1. Branch has offered no evidence claiming that he was fired because he asked for reasonable accommodations. *See generally* Dkt. 54-4. Further, Brookshire contacted Branch regarding his potential termination because of absence before he made any request for accommodation. Dkt. 54-1. The evidence shows that Branch was fired because he could not perform his job and had exhausted his leave, not because he requested accommodations. Dkt. 54-4. Branch may claim that he was fired because he is disabled, but the relevant question, one to which he never provides an answer or evidence, is whether he was fired because he requested accommodations. *See Feist*, 730 F.3d at 454. Thus, Branch has failed to offer any evidence of an essential element of his retaliation claim, and Brookshire's motion for summary judgment on that claim is GRANTED.

### D. Failure to Mitigate Damages

Finally, Brookshire contends that Branch failed to use reasonable diligence to obtain substantially equivalent employment and mitigate his damages, and thus is not entitled to back pay or front pay. Dkt. 54 at 24–25. Both back pay and front pay are equitable remedies and are subject to a duty to mitigate damages. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 489 (5th Cir. 2001). Thus, Branch had a duty to use reasonable diligence to obtain substantially equal employment. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998). If an employer can demonstrate that an employee did not make reasonable efforts to obtain employment, they are not required to show that substantially equivalent employment was available. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003). "A plaintiff may not simply abandon his job search and continue to recover back pay." *Id.*

Branch testified that he only applied to one law enforcement job over a period of two and a half years. Dkt. 54-4 at 13–15. Chief Jackson also made a specific offer to Branch that he reapply

for a position with the office, which Branch declined by February 12, 2015. *Id.* at 111–14. Branch had an opportunity to, at the very least, attempt to get his job back just over a month after he was terminated. *Id.* The court finds that, for the purposes of back pay, Branch did not sufficiently execute his duty to mitigate his damages as of February 12, 2015, and is therefore only entitled to back pay from January 5, 2015–February 12, 2015. *See West*, 330 F.3d at 393–94.

The awarding of front pay first requires a finding that reinstatement is implausible. *Weaver v. Amoco Prod. Co.*, 66 F.3d 85, 88–89 (5th Cir. 1995). Thus, the court makes no finding and expresses no opinion as to Branch's failure to mitigate future damages because the issue is not ripe.

### IV. CONCLUSION

Brookshire's motion for summary judgment (Dkt. 54) is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to Branch's failure to accommodate claim for not assigning him to desk duty. That claim is DISMISSED WITH PREJUDICE. It is DENIED with respect to Branch's failure to accommodate claim for denying his request for a one month extension to obtain a full medical release from his physician. Brookshire's motion is GRANTED with respect to Branch's retaliation claim because he has offered no evidence to support the causation element of his claim. That claim is DISMISSED WITH PREJUDICE. Brookshire's motion is GRANTED with respect to Branch's failure to mitigate damages to the extent that his back pay is limited to the period of January 5, 2015–February 12, 2015.

Signed at Houston, Texas on July 16, 2018.

_____
Gray H. Miller
United States District Judge